UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARION TAYLOR

VERSUS

JAMES M. LEBLANC, ET AL.

CIVIL ACTION

NO. 17-1699-JWD-EWD

## ORDER

Before the Court is a motion for preliminary injunction styled "Motion Requesting Emergency Injunction." (R. Doc. 4). The Court has carefully considered the motion along with attached exhibits and, for the following reasons, the motion is denied.

The Plaintiff, Marion Taylor, ("Plaintiff") an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Specifically, it appears as though Plaintiff complains of the manner in which various legal documents relating to another action filed by Plaintiff were handled.

In his Motion, Plaintiff seeks "substantial compensation" and "future criminal prosecution of the personnel for his or her wrongful and unlawful conduct." (R. Doc. 4, p. 6). The relief sought by Plaintiff in his Motion is co-extensive with the relief sought in his compliant. (R. Doc. 1-1, p. 3). As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See generally Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason,

the Plaintiff's Motion should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Plaintiff herein has failed to show the facts and law clearly favor his request for a preliminary injunction. Plaintiff's Motion fails to show he has a substantial likelihood of

prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Additionally, any harm which may come to Plaintiff is likely to not be irreparable and can be compensated for monetarily, as indicated by the fact that Plaintiff seeks compensatory damages. Further, if warranted, any harm, which may occur, may be redressed by way of a post-judgment injunction and/or restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (R. Doc. 4) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA