UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARION TAYLOR (# 558611)**   **CIVIL ACTION**

**VERSUS**   **NO. 17-1699-JWD-SDJ**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 24, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARION TAYLOR (# 558611)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　**NO. 17-1699-JWD-SDJ**

**JAMES M. LeBLANC, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, Marion Taylor ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James M. LeBlanc, Darrel Vannoy, Joe Lamartiniere, and Tim Delany.[1]  Plaintiff complains, essentially, that his legal mail was not processed though the prison mailing system in a timely fashion.[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[3]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4]  A claim has no

---

[1] R. Doc. 1.

[2] R. Doc. 1-1, p. 2.

[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on November 29, 2017.  (R. Doc. 3).

[4] *Denton*, 504 U.S. at 32-33.

arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[8]

Here, Plaintiff claims that he handed over legal documents for mailing to prison officials on December 12, 2016.[9] It is unclear what events transpired thereafter, but as a result of some interfering events, Plaintiff's documents were mailed seven days later on December 19, 2016.[10] Plaintiff alleges prison officials tampered with the date Plaintiff requested inmate funds to be withdrawn from his account, which allegedly caused the late mailing.[11] Plaintiff appears to allege that due to this delay, he was barred out of court.[12] Plaintiff does not include any facts regarding what he was trying to mail or what legal claims he was trying to bring.

Inmates have a fundamental constitutional right of access to the courts.[13] The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of

---

[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[9] R. Doc. 1-1, p. 2.
[10] R. Doc. 1-1, p. 2.
[11] R. Doc. 1-1, p. 2.
[12] R. Doc. 1-1, pp. 2-3.
[13] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

confinement before the courts."[14] Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that he has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions.[15] In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.[16] An inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.[17] Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,"[18] "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."[19] "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."[20]

To prevail, the inmate must show the following: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded by acts of the defendant(s), and (2) he has suffered an actual injury as a result.[21] An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the *inability* to meet

---

[14] *Lewis,* 518 U.S. at 356.
[15] *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).
[16] *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983'").
[17] *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).
[18] *Christopher v. Harbury,* 536 U.S. 403, 415 (2002),
[19] *Lewis v. Casey,* 518 U.S. at 356.
[20] *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993).
[21] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis,* 518 U.S. at 353 & n. 3.

3

a filing deadline or to present a claim."[22]  The underlying claim must be described well enough to apply the frivolity test and to show that its "arguable nature . . . is more than hope."[23]

Plaintiff has not provided this Court with any description of the underlying action, which was allegedly barred out of court due to Defendants' actions. The underlying cause of action must be described in the complaint so as to provide this Court with the opportunity to determine if the Plaintiff was prevented from bringing a non-frivolous claim involving the assertion of legitimate constitutional rights.  Since Plaintiff has failed to provide this required description in his Complaint, he has failed to state a claim upon which relief may be granted.

Accordingly, Plaintiff's action should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  Further, to the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction on the basis that Defendants actions constituted negligence and/or unlawful conduct, this Court should decline to exercise such supplemental jurisdiction.  A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[24] In the instant case, since Plaintiff has failed to state a cognizable federal claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[22] *Lewis*, 518 U.S. at 348 (emphasis added).
[23] *Harbury*, 536 U.S. at 416 (internal quotation marks omitted).
[24] 28 U.S.C. § 1367.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[25]

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction relative to Plaintiff's potential state law claims.

Signed in Baton Rouge, Louisiana, on July 24, 2020.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."